# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-2051V**

EILEEN BOYD,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: October 16, 2026

*Constantine Bardis, 1800 Main Street, Lake Como, NJ, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On December 3, 2025, Eileen Boyd filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner filed an Amended Petition on May 11, 2026. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of an influenza ("flu") vaccination on December 5, 2023. Am. Petition at 1, 5-6. Petitioner further alleges that she suffered the residual effects of her injury for more than six months, and that there has been no prior award or settlement of a civil action on her behalf as a result of her injury. *Id.* at 6. The case was assigned to the Special Processing Unit of the Office of Special Masters.

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On October 14, 2026, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that,

> Respondent recommends that [P]etitioner be found entitled to compensation for a Table SIRVA. Petitioner had no history of pain, inflammation, or dysfunction of her left shoulder prior to vaccination that would explain [P]etitioner's post-vaccination symptoms; shoulder pain occurred within forty-eight hours after receipt of an intramuscular flu vaccination; shoulder pain and reduced range of motion were limited to the side in which the vaccine was administered; and no other condition or abnormality has been identified to explain [P]etitioner's shoulder pain. *See* 42 C.F.R. § 100.3(a)(XIV)(B), (c)(10). Additionally, [P]etitioner suffered the residual effects of her condition for more than six months. *See* 42 U.S.C. § 300aa-11(c)(1)(D)(i). Therefore, based on the current record, [P]etitioner has satisfied all requirements for compensation under the Act. *See* 42 U.S.C. § 300aa-13(a)(1)(A-B).

*Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master